105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John G. JACKSON, et al., Plaintiffs,
v.
The TRUTH SEEKER COMPANY, INC.; The Estate of James Hervey
Johnson, et al., Defendants.
The ESTATE OF James Hervey JOHNSON, and The Truth Co., Inc.,
a New York corporation, Counter-Claimants Appellants,
v.
John G. JACKSON, et al., Counter-Defendants Appellees,
Lawrence Y. TRUE, Trustee of the James Hervey Johnson
Charitable Educational Trust and the Truth Seeker
Trust; The Truth Seeker Company, Inc.,
Plaintiffs-Counter-Claimants-Appellants,
v.
John G. JACKSON, et al., Defendants/Counter-Defendants-Appellees,
John G. JACKSON, et al., Plaintiffs,
v.
The TRUTH SEEKER COMPANY, INC.; The Estate of James Hervey
Johnson, et al., Defendants.
The ESTATE OF James Hervey JOHNSON; The Truth Company,
Inc., Counter-Claimants Appellees,
v.
John G. JACKSON, et al., Counter-Defendants
and
Madalyn Murray-O'Hair, et al., Defendants Counter-Defendants
Appellants.
Lawrence Y. TRUE, Trustee of the James Hervey Johnson
Charitable Educational Trust and the Truth Seeker
Trust; The Truth Seeker Company, Inc.,
Plaintiffs-Counter-Claimants-Appellees,
v.
John G. JACKSON, a private individual; Defendant/Counter-Defendant.
and
Madalyn Murray-O'Hair, et al.,
Defendants/Counter-Defendants-Appellants.
 Nos. 95-55310, 95-55501, 95-55589.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided Dec. 31, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal the district court's denial of their request for a jury trial in their unfair competition, trademark, tradename infringement, Lanham Act, and RICO action (also known as the "Johnson action") and malicious prosecution action (the True action). Plaintiffs also appeal from the district court's judgment in favor of the defendants on the substantive claims because uncontroverted evidence was presented by plaintiffs as to material facts in existence. Appeals Nos. 95-55501 and 95-5310. Defendants appeal the district court decisions denying attorneys' fees and sanctions and calculating the amount of costs taxed for defendants pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Appeal No. 95-55589.
 
 
 4
 The right to a jury trial in a civil case is granted by either the United States Constitution, a state constitution, or a statute that creates a cause of action different from that of the common law. Neither party has pointed to any statutory or state constitutional right that guarantees plaintiffs a jury trial for the recovery of attorneys' fees. Therefore, the right to a jury trial in this matter is grounded in the U.S. Constitution and in federal law. Simler v. Conner, 371 U.S. 221, 222 (1963). The Seventh Amendment of the U.S. Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."
 
 
 5
 With respect to the district court's decision to strike the jury trial in the Johnson action, plaintiffs failed to prove damages in excess of twenty dollars. Although plaintiffs argue that various monies were involved that exceeded twenty dollars, this court agrees with the district court's findings that any such monies were contributions to a legal defense fund that could not be considered a part of plaintiffs' damages. This court also agrees with the lower court decision that the uncontroverted facts that plaintiffs raise again on appeal are not helpful to plaintiffs' case and are not indicative of material facts in existence.
 
 
 6
 This court, however, disagrees with the district court's decision to strike the jury trial in the malicious prosecution action because plaintiffs alleged damages in excess of twenty dollars resulting from attorneys' fees spent in the underlying suit. In Bertero v. National General Corp., 118 Cal.Rptr. 184 (Cal.1976), the California Supreme Court acknowledged that attorneys' fees incurred in defending against an underlying action could be claimed as damages in a later malicious prosecution action, stating:
 
 
 7
 The malicious commencement of civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice. The individual is harmed because he is compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings. In recognition of the wrong done the victim of such tort, settled law permits him to recover the cost of defending the prior action including reasonable attorney's fees.
 
 
 8
 Id. at 190 (citations omitted and emphasis added).
 
 
 9
 Similarly, in a case involving a claim of malicious prosecution with respect to a civil claim, this court in Von Brimer v. Whirlpool Corp., 536 F.2d 838 (9th Cir.1976), stated that:
 
 
 10
 The range of damages potentially recoverable in a malicious prosecution action in California is strikingly broad. Damages may be recovered for loss of time, deprivation of liberty, injury to fame, reputation, character, social or mercantile standing, mental suffering, injury to credit, and for sums expended in defending the unfounded lawsuit.
 
 
 11
 Id. at 847 (citations omitted and emphasis added).
 
 
 12
 Nevertheless, because the plaintiffs presented no evidence of the reasonableness of the attorneys' fees claimed as damages, we hold that the district court properly granted summary judgment in favor of the defendants. While plaintiffs did offer evidence that attorneys' fees were incurred and paid, they point to nothing in the record supporting the reasonableness of the fees. Fed.R.Civ.P. 56. On the single occasion when plaintiffs attempted to introduce evidence of the reasonableness of the fees, the court properly sustained the defendants' objection. (The question was obviously leading.) RT Vol. II at 339. Because the district court properly granted summary judgment in favor of the defendants, the issue of a jury trial became moot.
 
 
 13
 Finally, this court is asked to address whether the district court erred in denying defendants' requests for attorneys' fees and sanctions and miscalculated the amount of costs taxed for defendants. Defendants, however, have failed to provide a sufficient showing that the district court abused its discretion in denying an award of attorneys' fees or sanctions. Furthermore, this court sees no error in the district court's calculations of the amount of costs taxed in this matter.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3